UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | No. 09 CV 6370 |
| | ) | |
| THE CITY OF CHICAGO, a municipal | ) | |
| corporation, ANTHONY BOSWELL, | ) | |
| individually and in his capacity | ) | |
| as Executive Director of the City of Chicago | ) | |
| Office of Compliance, TORRICK WARD, | ) | JURY DEMANDED |
| individually and in his official capacity as Deputy | ) | |
| Director for the City of Chicago Office of | ) | |
| Compliance, PAUL VOLPE, individually and | ) | |
| in his capacity as Chief of Staff for the Mayor | ) | |
| of the City of Chicago, and John Does 1-5, | ) | |
| not yet known to the Plaintiff. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, THERESA HILL, by and through her attorneys, STEVEN J. SEIDMAN & ASSOCIATES and MONICO, PAVICH & SPEVACK, and respectfully makes the following Complaint against the Defendants, THE CITY OF CHICAGO, ANTHONY BOSWELL, TORRICK WARD, PAUL VOLPE, and JOHN DOES 1-5, stating as follows:

**Parties**

1. THERESA HILL is a resident of Chicago, Illinois. She is an Assistant Commissioner of Legal Compliance for the City of Chicago. During the course of her employment with the City of Chicago, she has been designated numerous duties, assignments and roles. At the time when

the allegations in this Complaint began, Plaintiff was the primary person assigned with the duty to conduct equal employment opportunity (EEO) investigations for the City of Chicago.

2. The CITY OF CHICAGO is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois.

3. The CITY OF CHICAGO s Office of Compliance was created by the CITY OF CHICAGO with the responsibility to insure and promote ethical conduct and compliance with laws, city policies, rules and ordinances. The Office of Compliance is also charged with safeguarding the CITY OF CHICAGO s hiring process and to insure that all municipal, state, federal and other laws and decrees are not affected by political influence.

4. As of approximately November 2007, ANTHONY BOSWELL became the Executive Director of the City of Chicago Office of Compliance. Plaintiff sues Defendant Boswell individually and in his official capacity as Executive Director of the City of Chicago Office of Compliance.

5. TORRICK WARD is one of the Deputy Directors for the City of Chicago Office of Compliance. Plaintiff sues Defendant Ward individually and in his official capacity as Deputy Director of the City of Chicago Office of Compliance.

6. PAUL VOLPE is the Chief of Staff for the Mayor of the City of Chicago. Defendant sues Defendant Volpe individually and in his official capacity as Chief of Staff for the Mayor of the City of Chicago.

7. JOHN DOES 1-5 are other members of the staff for the Mayor of the City of Chicago not yet known to the Plaintiff.

### The Shakman Decree and Jurisdiction

8. In and about 1969, the City of Chicago was made subject of a federal lawsuit entitled *Michael Shakman et al. vs. Democratic Organization of Cook County, et al.* (69 C 2145 (Northern District of Illinois). In order to resolve many of the issues involved in that case, in and about 1972 the City of Chicago and its then-Mayor entered into a Consent Decree that prohibited the City of Chicago from conditioning, basing or knowingly prejudicing of affecting any term or aspect of government employment with respect to one who is a government employee, upon or because of any political reason or factor. This settlement, which was signed by the Judge, is often referred to as the Shakman Decree.

9. In an about 1983 the Shakman Decree was expanded to include not only presently existing government employees, but to the City of Chicago s hiring practices as well. Thus, except for certain exempt governmental positions not at issue in this Complaint, it is unlawful to take political considerations into account in any employment actions, such as recruitment, hiring, promotions, and transfers. Together, the 1969 and 1973 decrees are often referred to as the Shakman Decrees.

10. The District Court for the Northern District of Illinois has retained jurisdiction over the *Shakman* case. As part of its jurisdiction over the case, the Court is empowered to enforce the Shakman Decrees. The authority of the Court is placed in the hands of a federal Monitor. This case is also brought under federal statute, 42 U.S.C. § 1963.

### Allegations

11. In or about August 2008, after having been awarded damages pursuant to the

Shakman Decrees, Plaintiff was detailed from the Department of Human Resources to the Office of Compliance at the request of the Federal Monitor. Both immediately before and immediately after that detail, Plaintiff has complained about continual retaliation and harassment by persons from the Mayor s Office and mayoral appointees.

12. In or about August 2008, Plaintiff was assigned to work for Torrick Ward. Plaintiff s primary duties involved the handling of equal employment opportunity investigations.

13. In or about May 2009, and several times thereafter, Plaintiff was informed by Boswell, Ward, and a Deputy Executive Director that it was their desire to offer Plaintiff the permanent position of Senior Compliance Officer with the Office of Compliance, thus removing her budget line from the Department of Human Resources and placing it within the Office of Compliance for the 2010 fiscal year. Ward advised that he had met with senior management at the Department of Human Resources and made a formal request to retain Plaintiff. His request was granted by the Department of Human Resources and Plaintiff s proposed delegation was presented within the Office of Compliance s Preliminary budget.

14. In or about July 2009, Defendant Boswell met with Plaintiff and expressed his intent to appoint her to the role of Sexual Harassment Officer for the City of Chicago.

15. Defendant Boswell advised Plaintiff, however, that he would have to vet Plaintiff to the alderman for support, and inquired as to whether Plaintiff knew any aldermen. When Plaintiff advised Defendant Boswell that she did not know any aldermen, Defendant Boswell advised Plaintiff that that would need to change

16. On information and belief, in or about the first week of August 2009, Defendant

Boswell advised Defendant Paul Volpe, who is the Chief of Staff for the Mayor of the City of Chicago, that the Office of Compliance intended to appoint/transfer Plaintiff into the position of Sexual Harassment Officer for the City of Chicago. Defendant Boswell advised Defendant Volpe that Plaintiff possessed outstanding qualifications and background with regard to sexual harassment in the private, public (state/federal) and not-for-profit arenas having led and overseen equal employment compliance in both preventative and responsive leadership roles.

17. On further information and belief, Defendant Boswell advised Defendant Volpe that following the appointment of Plaintiff into the role of Sexual Harassment Officer for the City of Chicago, the Office of Compliance planned to inform all departments of the appointment, tender a press release announcing the appointment, and set up meetings with women's groups and community leaders, among other things.

18. Defendant Boswell further advised Defendant Volpe that the Office of Compliance wanted to appoint and promote Plaintiff to the position effective on August 10, 2009.

19. Defendant Ward thereafter told the Plaintiff that the position was mine (*i.e.*, Plaintiff's) and they discussed possible salary, which would have been an increase from Plaintiff's present salary.

20. On or about August 11, 2009, Defendant Ward advised Plaintiff that Defendant Volpe, the Mayor's Chief of Staff, told the Office of Compliance that it should hold off on doing anything with respect to putting Plaintiff into the position of Sexual Harassment Officer until at least September 1, 2009.

21. Subsequently, on information and belief Defendant Volpe communicated to

5

Defendant Boswell that the Mayor's Office did not want them to award the position of Sexual Harassment Officer for the City of Chicago to Plaintiff. To date, Plaintiff has not received that position.

22. The position for which Plaintiff was to be appointed was a position protected under the Shakman Decrees and it was a violation of those decrees for the Mayor's Office to be involved in that appointment.

23. On or about September 1, 2009, and on several occasions thereafter, Plaintiff met with Defendants Boswell and Ward and told them that the interference by the Mayor's Office with respect to her appointment as Sexual Harassment Officer was political and unlawful under the federal Shakman Decrees, and that they could not deny her the position for political reasons. Defendants Boswell and Ward argued with Plaintiff by suggesting, falsely, that the position of Sexual Harassment Officer had never in fact been offered to her and that it was all a misunderstanding. Plaintiff refused to acquiesce to Defendants Boswell's and Ward's attempts to recast falsely the events that had taken place previously and on that day filed a Complaint against Boswell and Ward with the federal Monitor alleging unlawful political influence committed by Defendants Boswell, Ward, and Volpe.

26. On or about the morning of September 14, 2009, Plaintiff was advised that she no longer was employed by the Office of Compliance and that Plaintiff should report immediately to the Department of Human Resources. In doing so the Defendants also effectively revoked the previously planned intention to make Plaintiff Senior Compliance Officer.

27. Plaintiff was further told that her detail to the Office of Compliance had ended.

Plaintiff's computer access was obstructed in order to deny Plaintiff access.

28. Chicago Police Department officers were called and they escorted Plaintiff out of the public building in full view of onlookers.

29. Shortly thereafter Plaintiff went to the office of the federal Monitor and complained of the City's actions, but was told that they could not advise her and that she needed to talk to a lawyer.

30. Plaintiff was thereafter transferred to a downstairs office in the Service Center of the Department of Human Resources where she assists the public with the completion of on-line applications for City employment opportunities. Plaintiff's duties no longer include primary responsibility for EEO investigations.

31. Plaintiff's placement and duties at the Service Center office of the Department of Human Resources require a dramatic downward skill level and are a materially adverse employment action with respect to the conditions and privileges she had previously earned and enjoyed as part of her employment and deprived her of new positions where she would have made more money. In addition, Plaintiff was moved from a modern office with administrative support, a direct telephone line and computer, to an old work space with little privacy, no phone and no computer.

## CAUSES OF ACTION

### Count One

### (Violation of Shakman Decree)

32. Plaintiff realleges Counts 1 through 31 if fully set out herein, and brings this Count

7

against Defendants City of Chicago, and Defendants Boswell, Waed and Volpe in their official capacities.

33. The Defendants conduct, individually and in concert, constituted a violation of the Shakman Decrees, in that Defendants, individually and in concert, deprived Plaintiff of a job opportunity within the City of Chicago based solely on political considerations, *to wit:* the approval of the Mayor s Office of the City of Chicago.

34. The Defendants conduct, individually and in concert, constituted a violation of the Shakman Decrees because the Defendants took adverse employment actions against the Plaintiff based on Plaintiff s complaints to them that they were using political considerations, including but not limited seeking the acquiescence of the Mayor s Office of the City of Chicago before giving Plaintiff a job for which she was qualified and was promised, and rescinding the offer when the Mayor s Office advised them that the offer should not be made.

35. As a result of Defendants actions, Plaintiff was denied a position based on improper political considerations and suffered damages and such other injuries including the loss of money, position and rank.

## Count Two

### Violation of Civil Rights (18 U.S.C. 1983

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein, and brings this Count against Defendants City of Chicago and Defendants Boswell, Ward, and Volpe in their individual and official capacities.

37. Title 42, § 1983, provides in relevant part that:
Every person who, under color of any statute, ordinance, regulation,

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ....

38. The Defendant City of Chicago has engaged in a pattern and practice with the Office of Compliance wherein the Office of Compliance seeks the approval of the City of Chicago with respect to hiring and promotion within the Office of Compliance. In the instant matter, the Defendants Boswell, Ward and Volpe participated in the perpetration of that pattern and practice by, among other things, the following actions:

    a. Defendants Boswell and Ward and the Office of Compliance advised Plaintiff that they were seeking approval from the City of Chicago in order to promote the Plaintiff to the position of Sexual Harassment Officer;

    b. Defendants Boswell and Ward and the Office of Compliance revoked the offer made to the Plaintiff to assume the role of Sexual Harassment Officer, having been advised by Defendants Volpe and the City of Chicago that they did not want Plaintiff appointed to that position;

    c. Defendants Boswell and Ward and the Office of Compliance revoked the offer made to the Plaintiff to assume the role of Senior Compliance Officer, having been advised by Defendants Volpe and the City of Chicago that they did not want Plaintiff appointed to that position and in retaliation for

9

Plaintiff having opposed unlawful practices within the City of Chicago s Office of Compliance and other departments;

d. Defendants punished the Plaintiff for exercising her First Amendment rights when she complained to the Defendants about the legality of revoking the offer based on the disapproval of the City of Chicago, made complaints with the federal Monitor, and otherwise complained about improper hiring practices in the City of Chicago;

e. Defendants deprived Plaintiff of her freedom of liberty to work at employment for the City of Chicago free from political considerations.

39. Through their conduct, individually and in concert, the Defendants abused their positions under color of statute, ordinance, regulation, custom, or usage, by depriving Plaintiff of her liberty and right to enjoy her occupation with the City of Chicago free from political interference.

40. Through their conduct, individually and in concert, the Defendants denied Plaintiff her rights under the First, Fourth, and Fourteenth Amendment by taking adverse employment action against her in retaliation for her having accused the Defendants of acting in an illegal matter with respect to the availability of an employment opportunity based on political reasons.

41. As a result of Defendants actions, Plaintiff has suffered damages and other injuries including the loss of promotion, position and rank.

WHEREFORE, Plaintiff respectfully request that:

1) The City of Chicago be ordered to a adhere to the requirements of the

10

Shakman Decrees and make a finding of a violation herein;

      2)    The Plaintiff be awarded damages and the costs for this action, in an amount in excess of $75,000, as a result of the Defendants violation;

      3)    The Plaintiff be awarded compensatory and punitive damages, costs and attorneys fees as a result of Defendants violation of Plaintiff s civil rights; and,

      4)    Grant such other relief that the Court deems just.

                                      Respectfully submitted,
                                      THERESA HILL

                        By:      ___/s/ Steven Seidman__
                                      One of her attorneys

Steven J. Seidman
STEVEN J. SEIDMAN & ASSOC.
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-781-1977

Barry A. Spevack
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500