# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THERESA HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, et al., )<br>)<br>Defendants. ) | Hon. John Robert Blakey<br>Case No. 09 C 6370 |

## DEFENDANT CITY OF CHICAGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CONCLUSION OF PLAINTIFF'S CASE-IN-CHIEF

Plaintiff's sole claim against the City of Chicago is a retaliatory discharge claim based on Illinois common law. Plaintiff alleges that her employment was terminated in retaliation for having filed a different, unrelated federal lawsuit against the City. Plaintiff has not presented any evidence from which a reasonable jury could find in her favor and against the City on the retaliatory discharge claim, nor has Plaintiff put on sufficient evidence from which a jury could award her damages for lost benefits. As a result, judgment as a matter of law at the close of Plaintiff's case-in-chief is warranted.

## I. THE APPLICABLE STANDARD FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue," then the party's opponent is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 50(a). Stated another way, judgment as a matter of law is appropriate where a plaintiff has not presented enough evidence to allow a rational jury to find in his favor. *See Massey v. Blue Cross-Blue Shield of Illinois*, 226

F.3d 922, 924-25 (7th Cir. 2000). When examining the record, the Court should look to the totality of the evidence, and view the evidence and the inferences which may be taken from it in the light most favorable to the party against whom the judgment is to be granted. *Id.* at 924. This is fundamentally the same standard as applied for summary judgment, with the important difference that the Court now knows exactly what evidence was put before the jury. *Id.*

## II. JUDGMENT AS A MATTER OF LAW IS WARRANTED BASED ON THE COMPLETE LACK OF A CAUSAL CONNECTION BETWEEN PLAINTIFF'S DISCHARGE AND HER PROTECTED ACTIVITY

The long-standing general rule in Illinois is that a noncontractual, at-will employee may be discharged at any time for any reason. *Michael v. Precision Alliance Group, Inc.*, 2014 IL 117376, ¶28 (Ill. Dec. 4, 2014). In the case of *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172 (1978), the Illinois Supreme Court recognized for the first time the tort of retaliatory discharge as a narrow exception to the general rule. Over time, the law on retaliatory discharge has developed as such that there are two settings when the claim is allows: (1) when an employee is discharged for filing a worker's compensation claim; and (2) when an employee is discharged for the reporting of illegal or improper conduct. *Michael*, 2014 IL 117376 at ¶30.

To sustain a cause of action for retaliatory discharge, an employee must prove: (1) the employer discharged the employee; (2) the discharge was in retaliation for the employee's activities (*i.e.*, causation); and (3) the discharge violates a clear mandate of public policy. *Id.* at ¶31. "The requirement that the discharge be in retaliation for plaintiff's activities <u>requires</u> that a plaintiff establish a causal relationship between the employee's activities and the discharge." *Id.* (emphasis added). "When deciding the element of causation, the ultimate issue is the employer's motive in discharging the employee." *Id.* The burden rests on the plaintiff to prove each of the elements of the cause of action. *Id.*

2

In this case, the City does not dispute the first and third required elements of a retaliatory discharge claim. On August 11, 2008, Plaintiff filed a different, unrelated federal lawsuit against the City. *See U.S. ex rel. Hill v. City of Chicago*, 772 F.3d 455 (7th Cir. 2014) (affirming district court's grant of summary judgment in favor of City); *U.S. ex rel. Hill v. City of Chicago*, No. 08-4540, 2014 WL 123833 (N.D. Ill. Jan. 14, 2014) (granting summary judgment in favor of City).[1] For the Court's convenience, a copy of the Civil Docket for Case No. 08-4540 is attached at Exhibit 1. Plaintiff's previously-filed, unrelated federal lawsuit was initially filed under seal, but the seal was lifted by order of the Court on January 11, 2010. *See* Exhibit 1 at Docket No. 3-4. The City further does not dispute that it terminated Plaintiff's employment on January 25, 2011 – more than one year after the seal had been lifted on the different, unrelated lawsuit filed by Plaintiff. *See* Stipulation of Uncontested Facts, Docket No. 284-2, ¶14; Trial Tr. at 62:15-65:25

Judgment as a matter of law is warranted at the close of Plaintiff's case-in-chief because Plaintiff has presented no evidence that would allow the jury even to draw a reasonable inference that the City's motives in discharging her were linked in any way to the filing of the different, unrelated federal lawsuit. In fact, Plaintiff did not present a single witness in her case – other than herself – who could speak to the termination decision. She did not bother to offer the jury testimony from the decision maker, George Arteaga ("Arteaga"), or her direct supervisor, Diane Jeffrey.

With respect to Plaintiff's trial testimony, she admitted that she walked away from Employee Services in the middle of a business day (which resulted in a 10-day suspension) (Trial Tr. at 193:20-194:7; 273:19-22), she admitted that she had been warned when she returned

---

[1] The Court may take judicial notice of the contents of court records for the purpose of recognizing the fact of litigation. *Trudeau v. Consumeraffaires.com, Inc.*, No. 10 C 7193, 2011 WL 3898041, *2 (N.D. Ill. Sept, 6, 2011).

3

from the 10-day suspension that any acts of insubordination would be grounds for termination (Trial Tr. at 291:22-292:16), and she admitted writing the emails to her supervisor and others between January 13, 2011 and January 24, 2011 (*see* DX32-DX39), including the email on January 24, 2011 – one day before her employment was terminated – where she wrote, "If it is your intent to terminate my employment because I am unable to fabricate information for you to provide to the Federal Monitor, please let me know." *See* DX39, p. 2. (Trial Tr. at 276:8-292:16)

For the trial testimony that Plaintiff did offer to the jury – her own testimony – *Filipovich v. K&R Express Sys., Inc.*, 391 F.3d 859 (7th Cir. 2004), is instructive. In *Filipovich*, the Seventh Circuit reversed the district court's denial of defendant's motion for judgment as a matter of law on plaintiff's retaliatory discharge claim. *Id.* at 865-66. In doing so, the Seventh Circuit explained that the plaintiff "bore the burden of proof" regarding a causal connection between his complaints and the termination of his employment, yet Plaintiff offered nothing other than a "bald assertion" that the defendant "was lying." *Id.* The Seventh Circuit further explained that "denials alone, in the face of [defendant's] documentation that he was the dockman responsible for the freight when it was mishandled, were not enough to justify submitting this case to the jury." *Id.* at 866. Here, Plaintiff admitted that she engaged in the conduct that was the basis of her employment being terminated.

On the causation element of retaliatory discharge, "the ultimate issue is the employer's motive: if the employer has a valid nonpretextual basis for discharging the employee, the employee loses." *Jones v. Park Forest Cooperative IV*, No. 09 C 2653, 2011 WL 3664466, *7 (N.D. Ill. Aug. 19, 2011). Plaintiff has not met that burden in that, as described above, Plaintiff admits that she engaged in the conduct for which was the basis of her job termination. In addition, Plaintiff's admission that Commissioner Arteaga was not even employed by the City of

4

Chicago when she filed the different unrelated federal lawsuit and, therefore, he could not be involved in any way in the underlying allegations of that lawsuit, further undermines Plaintiff's claim in that there is no evidence he had any motive to retaliate against Plaintiff. (Trial Tr. 265:3-5)

Further, the timing at issue in this case completely negates any finding of a causal connection, and is further justification for judgment as a matter of law. With respect to the issue of timing, *Jones v. Park Forest Cooperative IV*, No. 09 C 2653, 2011 WL 3664466, *7 (N.D. Ill. Aug. 19, 2011), is directly on point. In *Jones*, plaintiff brought an Illinois common law retaliatory discharge claim against his former employer for allegedly terminating his employment after he complained and reported his employer for failing to make required health insurance benefits payments. *Id.* The court granted summary judgment on the retaliatory discharge claim finding that "<u>no reasonable jury could find [the employer] liable based solely on the temporal relationship between his complaint and his termination because six months elapsed between the date of his complaint on approximately December 13, 2006 and the date of his termination on May 18, 2007.</u>" *Id.* at *7 (emphasis added).

The 10-month temporal gap between the notice Plaintiff allegedly gave Arteaga of the lawsuit and the termination of her employment is far greater than that in which the court relied upon in *Jones* to hold that "no reasonable jury could find [the employer] liable." *Id.* To be clear, Plaintiff's different, unrelated lawsuit became a matter of public record on January 11, 2010 when the seal was lifted (*see* Exhibit 1), and she testified that she notified Arteaga – the decision maker – of the lawsuit in March of 2010. (Trial Tr. at 175:24-177:1; 186:19-188:2) Yet, Plaintiff's employment was not terminated until <u>more than ten months later</u>, January 25, 2011. *See* Stipulation of Uncontested Facts, Docket No. 284-2, ¶14. Similar to *Jones*, as a matter of

law, no reasonable jury could find evidence of a causal connection with this ten-month gap in time. *See Jean v. Walgreen Co.*, 887 F. Supp. 1007, 1013 (N.D. Ill. 1994) (in granting defendant's motion for summary judgment, court found that nine-month gap "is insufficient" is show causal connection); *Maldonado v. Metra*, 743 F. Supp. 563, 568 (N.D. Ill. 1990) (granting summary judgment because five-month lapse [between the protected expression and the adverse action] "is not temporally close enough to raise an inference of a causal link"); *Lamas*, 2000 WL 1273512 at *3 (no causal link because the two events occurred nearly a year apart).

Lastly, to the extent Plaintiff attempts to expand the scope of her Illinois common law retaliation claim to include the 10-day suspension of her employment, or any other alleged adverse actions that may have occurred during her time at the Department of Human Resources, these claims must be dismissed as a matter of law because the law is clear that a retaliatory discharge claim cannot be expanded to extend to other issues beyond termination decisions. *See Graham v. Commonwealth Edison Co.*, 318 Ill. App. 3d 736, 744 (1st Dist. 2000) ("Illinois courts have refused to expand the theory of retaliatory discharge beyond the element of actual termination.").

## III. PLAINTIFF SHOULD BE BARRED FROM SEEKING LOST BENEFITS

If Plaintiff's retaliatory discharge claim were to survive a motion for judgment as a matter of law, Plaintiff should be barred from seeking damages for lost benefits. Plaintiff has offered no evidence specific to the benefits she had and lost at the City, or the amounts of the loss. Further, Plaintiff offered no evidence specific to what her benefits are at her new place of employment, or how they compare to the benefits she had at the City. Without such evidence in the record, no reasonable jury could determine the amount of Plaintiff's lost benefits.

## IV. CONCLUSION

For all of the foregoing reasons, as well as those discussed orally, Defendant City of Chicago respectfully requests that this Honorable Court enter judgment in its favor as a matter of law pursuant to FRCP 50(a), and that the Court grant such further and additional relief as it deems just and proper.

Dated: July 9, 2015

Respectfully submitted,

CITY OF CHICAGO

By: /s/ Jennifer Naber
      One of Its Attorneys

Joseph M. Gagliardo (00901989)
Jennifer Naber (6197465)
Heather Becker (6280584)
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2015, the Court electronically filed the Defendant City of Chicago's Memorandum of Law in Support of Its Oral Motion for Judgment as a Matter of Law at the Conclusion of Plaintiff's Case-in-Chief using the CM/ECF system which will send notification of such filing to the following:

>Steven J. Seidman
>Sean M. Baker
>The Law Offices of Steven J. Seidman
>Two First National Plaza
>20 S. Clark St., Suite 700
>Chicago, IL 60603
>
>Barry A. Spevack
>Monico, Pavich & Spevack
>Two First National Plaza
>20 S. Clark St., Suite 700
>Chicago, IL 60603
>
>Daniel Kaufman (6194714)
>Brian P. Paul (6286839)
>Sarah E. Flotte (6296385)
>Michael Best & Friedrich, LLP
>180 N. Stetson Avenue, Suite 2000
>Chicago, Illinois 60601
>
>s/ Jennifer Naber